1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CRAIG, et al.,

        Plaintiffs,

  v.

CITY OF KING CITY,  et al.,

        Defendants.

_____/

No. C -11-04219 EDL

**ORDER**

On January 9, 2013, the Court issued an Order Following Pretrial Conference in which the Court ordered the parties to file supplemental pretrial materials.  The parties filed supplemental materials on January 10, 11 and 14, 2013.  This Order contains the Court's rulings on various pretrial issues.

**1.**     **Plaintiffs' retaliation claim under the Americans with Disabilities Act is moot at to Craig and Aguayo, and provides only for equitable relief for Andrade, which does not go to the jury.**

In Alvarado v. Cajun Operating Co., 588 F.3d 1261 (9th Cir. 2009), the Ninth Circuit held that:

> the plain and unambiguous provisions of 42 U.S.C. § 1981a limit the availability of compensatory and punitive damages to those specific ADA claims listed. ADA retaliation is not on the list. Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available.

Alvarado, 588 F.3d at 1269-70.  The Alvarado court reasoned that for claims brought under ADA section 12203, as in this case, the remedies are governed by section 12203(c):

> The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively.

United States District Court
For the Northern District of California

42 U.S.C. § 12203(c).  The applicable statute under § 12203(c) is 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.").  In turn, the applicable statute, 42 U.S.C § 2000e-5(g)(1), provides only for equitable relief.  Thus, the Alvarado court found that only injunctive relief was available for retaliation claims under the ADA, as distinct from other types of ADA claims based on plain language.  See Alvarado, 588 F.3d at 1269 ("Congress may have well advisedly limited punitive and compensatory damage awards to those plaintiffs who are able to prove discrimination due to an actual disability.").

In Herrera v. Giampeitro, 2010 WL 1904827 (E.D. Cal. May 10, 2010), which is not an employment case, the plaintiff sued her son's school district for violations of the ADA and § 1983 arising out of the district's handling of her son's special education plan.  The plaintiff alleged that the district retaliated against her pursuant to the ADA by reporting to the housing authority that the plaintiff was violating the terms of her public housing lease after the plaintiff filed compliance complaints against the district relating to the IEP.  With respect to the ADA retaliation claim, the court stated:

> Unlike the claim at issue in Alvarado, Plaintiff's claim is directed at a public entity, the District. Section 12133 is the applicable statute affording remedies available against public entities. See Barnes, 536 U.S. at 184–85. In Barnes, the High Court held that the remedies available pursuant to section 12133 are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964, which include monetary damages. Id. at 185.

Herrera, 2010 WL 1904827, at *9.

In Barnes v. Gorman, 536 U.S. 181 (2002), the Court was faced with a discrimination claim brought by a paraplegic plaintiff who alleged that he sustained injuries at the hands of police officers who arrested him for trespass.  The plaintiff sued the police officers under § 202 of the ADA and § 504 of the Rehabilitation Act.  There was no retaliation claim in Barnes.  Instead, Barnes was concerned with remedies for discrimination in services, programs or activities by public agencies,

United States District Court
For the Northern District of California

2

not with retaliatory employment actions.

Thus, the distinction between claims against a public entity as opposed to a private entity in Herrera is not applicable to this case. Herrera concludes that section 12133 provides the remedies against public agencies, but that conclusion, which is based on Barnes, goes to discrimination or retaliation by a public agency with respect to services, programs or activities. Further, Herrera is distinguishable because there was no employment retaliation claim in that case.

Thus, Alvarado applies to Plaintiffs' claims and provides that only injunctive relief, as opposed to monetary damages, is available for a violation of the ADA based on retaliation. This is an issue for the Court, not the jury. Further, the Court concludes that the ADA retaliation claim is moot as to Craig and Aguayo because they have already been reinstated with full back pay, and there is no reasonable expectation or demonstrated probability that these Plaintiffs will be subject to another weight loss program and then retaliated against for opposing that program. Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000) ("The 'capable of repetition, yet evading review' exception to mootness applies only when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."). This claim is not moot as to Andrade, who has not received full back pay from his suspension.

**2.      Plaintiff Craig's ADA claim relating to the fitness for duty examination is subject to a cap on damages**

In a claim under section 12112(d), a plaintiff may recover damages. See 42 U.S.C. 1981a(a)(2); U.S. E.E.O.C. v. Dillard's Inc., 2012 WL 440887 (S.D. Cal., Feb. 9, 2012) ("Pursuant to 42 U.S.C. § 1981a, compensatory and punitive damages are available in an action against a respondent who violated the requirements of section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112."). However, section 1981a(b)(3) contains limits on the amount of compensatory damages that can be recovered. 42 U.S.C. § 1981a(b)(3)(A) (the amount of compensatory and punitive damages is limited to $50,000 where an employer more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year). Here, Defendants represent that King City had fewer than 101 employees during the relevant time period. Thus, Craig's potential damages for this claim are subject to a cap of $50,000.

United States District Court
For the Northern District of California

3

3.     **Defendants have demonstrated that unemployment benefits for Plaintiffs Craig and Aguayo were paid in full by King City, so Plaintiffs are not entitled to recover those benefits as damages**

Plaintiffs Craig and Aguayo argue that they are entitled to recover the amounts paid for their unemployment benefits. However, as demonstrated by the Powers declaration (docket 199), the benefits were not a collateral source for which Plaintiffs would be additionally compensated because King City paid the benefits in full. See McLean v. Runyon, 222 F.3d 1150, 1156 (9th Cir. 2000) ("Under the collateral source rule, 'benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages.'. . . Workers' compensation benefits under FECA are ultimately paid entirely by USPS and thus are not derived from a collateral source."). Therefore, Plaintiffs Craig and Aguayo are not entitled to recover the amounts paid in unemployment benefits.

4.     **Plaintiffs Aguayo and Andrade engaged in protected speech for purposes of the First Amendment retaliation claim**

During the pretrial conference, the question arose as to whether Aguayo and Andrade engaged in protected speech for purposes of the First Amendment retaliation claim when they did not speak in public or at a city council meeting on any relevant issues, did not sign the memos from the union regarding the reasons for its vote of no confidence, and did not issue press releases, unlike Craig. In their supplemental filing, Plaintiffs provided evidence, which, when taken as a whole, indicates that Aguayo and Andrade engaged in protected speech, even though it may have been akin to anonymous speech when spoken outside the presence of Defendants at the union meeting where the "no confidence" vote occurred. It is well established that the First Amendment protects the right to anonymous speech. See McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 342 (1995) ("An author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.").

The real issue raised by the fact that these two Plaintiffs did not sign the memo or appear at the meeting is one of causation: if Defendants did not know they engaged in this speech, Defendants could not retaliate. However, causation is a question for the jury. Plaintiffs point to evidence that non-Defendant Officer Perez voiced opposition to the no confidence vote and Andrade will testify that Perez disclosed which members advocated for the vote to Defendant Baker. Perry Decl. Ex. A

4

at 112; Ex. D at 23-24. Further, Powers stated that the union was generally represented by Craig and Aguayo, and that Andrade was present during discussions over the weight loss program. Perry Decl. Ex. B at 754-55. Both Aguayo and Andrade spoke out at the meeting where the vote of no-confidence took place. Perry Decl. Ex. D at 23-24, Ex. E at 213-14. Finally, Balidiviez stated that he believed that Craig, Aguayo and Andrade were having "after hours" meetings with a city councilperson discussing the operation of the police department and that they were attempting to get the councilperson to "join them." Perry Decl. Ex. F at 610-11.

Therefore, in accordance with the model jury instruction, the Court will instruct the jury that all three Plaintiffs engaged in protected speech.

**5.** **The Court declines to exercise supplemental jurisdiction over the fifth claim for a writ of mandate for violation of the Meyers Milias Brown Act, California Government Code sections 3502 and 3506.**

**6.** **Jury Instructions**

The Court has reviewed the parties' submissions on the jury instruction issues and intends to give the following instructions in light of the Court's pretrial rulings in this Order and in the Order Following Pretrial Conference, subject to further rulings on other claims.

**A.** **Model instruction 1.2 - Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs claim that Defendants retaliated against them for exercising their Free Speech rights under the First Amendment. Defendants Powers and Baldiviez were official policymakers of the City of King City, so Plaintiffs claim that the City is liable. Plaintiff Craig claims that Defendant Baldiviez ordered him to undergo a medical examination without a reasonable basis in violation of the Americans with Disabilities Act. Plaintiff Craig also claims that Defendants violated the confidentiality of his medical records under the California Government Code section 56.20. Plaintiffs have the burden of proving these claims.

The Defendants deny those claims.

The Defendants claim that:

1. Defendants have not deprived Plaintiffs of any rights guaranteed by the Constitution or laws of

the United States;

2. The decisions of Defendants were job-related and consistent with business necessity.

Defendants have the burden of proof on these affirmative defenses. Plaintiffs deny Defendants' affirmative defenses.

> **B.    Proposed special instruction regarding arbitration. The Court seeks the parties' comments on the use of the arbitration decisions on the issue of damages, as stated in italics in the last paragraph of this proposed instruction. The parties shall provide their comments in a joint letter brief no later than January 17, 2013 at noon.**

The Court has considered the parties' proposals and intends to give the following instruction, except perhaps the italicized language. The Court will not instruct that the arbitrator found that Craig was fit for duty. Evidence Code § 403. The arbitrator's conclusion was expressly based on his assessment of credibility, which would confuse the jury, and the prejudice would substantially outweigh any probative value.

Christopher Craig and Abraham Aguayo were each terminated from employment and each appealed their terminations from employment in different arbitrations. According to the Memorandum of Understanding between the City of King City and the King City Police Officers Association, employees who are terminated or disciplined can appeal to an impartial arbitrator. Arbitrators have the authority in the agreement to affirm, revoke or reduce the disciplinary action.

According to the Department, Craig's termination was based on a psychological report that alleged he was not psychologically fit for duty. The arbitrator ruled that there was insufficient proof that the Department had reason to require Craig to undergo a fitness for duty examination. The arbitrator ordered that Craig be returned to employment. Craig was returned to employment and he has since been reimbursed for lost pay.

Abraham Aguayo was terminated by the King City Police Department on the grounds of alleged misconduct. In Abraham Aguayo's appeal, the arbitrator found that the Department did not prove that Aguayo committed misconduct sufficient to justify termination. Aguayo was returned to employment and he has since been reimbursed for lost pay.

Arbitration hearings are different than trials in this Court. You, the jury, are to decide this case afresh, without taking into account the arbitrators' views. You are not to consider the

arbitrator's decisions in any of your deliberations *except insofar as the result (reemployment and reimbursement of last pay) affects what damages, if any, Plaintiffs Craig or Aguayo may recover if you reach that question*. You are to follow the instructions given to you by the Court for deciding this case.

      **C.**      **Preinstructions**

      The Court intends to instruct the jury with the stipulated preinstructions proposed by the parties. <u>See</u> Docket No. 191.

**IT IS SO ORDERED.**

Dated: January 16, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge

7